WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01912-001-TUC-SHR (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Luis Gabriel Ibarra-Sanchez, | |
| Defendant. | |

Before the Court is Defendant Luis Gabriel Ibarra-Sanchez's ("Defendant") Motion Requesting Compassionate Release (Doc. 30). Defendant asks for early release from prison based on the risk of being infected by COVID-19 while imprisoned. *Id.* at 2. The Court finds that (1) Defendant has failed to show he has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A); (2) Defendant has not sufficiently demonstrated the requisite extraordinary and compelling circumstances to warrant his early release; and (3) a reflection upon the relevant 18 U.S.C. § 3553(a) factors do not weigh in favor of the requested sentence reduction. The Court will, therefore, deny the Motion.

## I.     *Procedural and Factual History*

On November 25, 2019, Defendant was sentenced to 37 months for Illegal Reentry and for violating the conditions of his supervised release in 2:CR 10-01668-PHX-FRZ. Defendant has served approximately half of his 37-month sentence, and he is projected to

be released in March 2022.

## II. Standard of Review

Defendant's motion is brought under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The statute provides that a court may modify a term of imprisonment upon a motion from the defendant when: (1) the defendant has exhausted his administrative remedies; (2) the court has considered the factors outlined in 18 U.S.C. § 3553(a); and (3) the court finds that (i) "extraordinary and compelling reasons warrant such a reduction," or that (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison . . . [and] the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## III. Administrative Exhaustion

A court may only reduce a term of imprisonment upon a motion for compassionate release by the defendant if he first exhausts his administrative remedies or at least thirty days lapse from the date the defendant requests that the warden file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A defendant fails to exhaust his administrative remedies "where he has requested the BOP to move for compassionate release on his behalf but seeks relief in a district court before the BOP has had thirty days to respond and there has been no adverse decision by the BOP for him to administratively exhaust within that time period." *United States v. Reyes*, No. 3:16-CR-227, 2020 WL 3415377, at *2 (M.D. Pa. June 22, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

The court has no jurisdiction to waive the exhaustion requirement where a defendant has not first exhausted his administrative remedies. *See, e.g.*, *Shaw v. Bank of America Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) (quoting *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) ("[S]tatutorily-provided exhaustion

requirements deprive the court of jurisdiction . . . ."); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (The courts should "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Because Defendant's Motion makes no attempt to show administrative exhaustion, the Court cannot grant relief.

### IV.     *Extraordinary and Compelling Reasons*

The Court also finds Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his early release. A court's reduction of a sentence under the compassionate release statute is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *See* 28 C.F.R. § 571.60 (2000). The U.S. Sentencing Commission explains that "extraordinary and compelling" reasons may exist if the defendant is suffering from a terminal illness or from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of the correctional facility and from which he or she is not expected to recover." USSG § 1B1.13, cmt. 1(A). Alternatively, "extraordinary and compelling" reasons may exist based on age if the defendant is at least 65 years old, experiences "serious deterioration in physical or mental health," and has served at least 10 years or 75% of his sentence. USSG § 1B1.13, cmt. 1(B). However, reducing a sentence because of a medical issue is "a rare event." *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *2 (quoting *White v. United States*, 378 F. Supp. 3d 784, 786 (W.D. Mo. May 9, 2019)).

The "mere existence" of COVID-19 is not enough alone to justify compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, 807 F. App'x 157, 160–61 (3d Cir. 2020) ("[T]he existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."). Some courts have found that COVID-19 is a compelling and unforeseeable circumstance, *United States v. Enos*, CR 19-2041-JAS (D. Ariz. Apr.

30, 2020); *United States v. Bothra*, No. 20-1364, 2020 WL 2611545 (6th Cir. May 21, 2020), and that the court has discretion to find extraordinary and compelling circumstances beyond the limited descriptions provided by the U.S. Sentencing Guidelines, *United States v. Decator*, No. CCB-95-0202, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020).

Here, Defendant has not met his burden of sufficiently demonstrating extraordinary and compelling circumstances. Defendant's Motion relies solely on the mere existence of COVID-19. Defendant does not allege any pre-existing medical conditions that may place him at risk if he contracts COVID-19. Instead, Defendant states he is "currently healthy". Doc. 30 at 3.

The Court find the mere existence of COVID-19 in the prison is not enough alone to justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, the Court finds Defendant has not demonstrated extraordinary and compelling reasons exist to warrant his early release.

V.  *§ 3553(a) Factors*

Finally, courts are required to reflect upon the factors outlined in 18 U.S.C. § 3553(a) when considering a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Defendant claims he is not a danger to the community because he is "a non-violent offender". (Doc. 30 at 2).

The Court finds that a reflection upon the relevant § 3553(a) factors does not weigh in favor of Defendant's release.

*a. Nature and Circumstances of the Offense and History of Defendant*

The nature and circumstances of the present offense, combined with Defendant's criminal history, do not support early release. Defendant's argument for release fails to address his lengthy criminal history that began in 1996. (Doc. 24.) Defendant has been convicted of DUI on three occasions. *Id*. at ¶¶ 26-28. In 2011, Defendant was convicted of Illegal Reentry and deported on April 8, 2011. *Id*., ¶ 31. While under the term of supervised release, Defendant unlawfully returned to the United States and was arrested for a felony drug offense in Colorado. *Id*., ¶ 32. Defendant was sentenced in 2013 to 14 years of imprisonment but was paroled in May of 2018. *Id.*

*b. Purposes of Sentencing and Sentencing Disparities*

Additionally, the purposes of sentencing and the need to avoid sentencing disparities would not be accomplished by granting early release. Defendant has approximately half of his 37-month sentence remaining. Such an extreme reduction of Defendant's sentence to would not serve the purposes of sentencing and would create a sentencing disparity for similarly situated defendants.

VI.   Conclusion

It is Defendant's burden to show that extraordinary and compelling reasons exist to support his release and he has not done so. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Greenhut*, No. 18-CR-48-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

Accordingly, IT IS ORDERED Defendant Luis Gabriel Ibarra-Sanchez's Motion Requesting Compassionate Release (Doc. 30) is DENIED.

Dated this 17th day of February, 2021.

Honorable Scott H. Rash
United States District Judge